## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GAETANO J. MILANO** | ) | **MASTER DOCKET NO.** |
| | ) | **2:90CR18(AHN)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **SEPTEMBER 21, 2005** |
| | ) | |

### RENEWED MOTION FOR LEAVE TO CONDUCT
### DISCOVERY RELATING TO THE GOVERNMENT'S
### PRE-TRIAL CONFIDENTIAL INFORMANT NON-DISCLOSURE

The petitioner, Gaetano Milano, hereby moves the Court pursuant to the Fifth and Sixth

amendments to the United States Constitution, Rule 6 of the Rules governing §2255 Proceedings

in the United States District Courts and Rules 26 and 36 of the Federal Rules of Civil Procedure

for permission to propound focused Requests for Admission related to the Government's pre-trial

misrepresentation that none of the Government's confidential informants participated in the

homicide of William Grasso. This motion is in follow-up to the Government's response to the

discovery that this Court already ordered in its Ruling on September 22, 2004, which Ruling

stated that "[t]he Court will entertain a renewed request to posit requests for admission upon a

showing of good cause after the Government responds to the discovery permitted herein."

There is good cause for the proposed Requests for Admission for at least three reasons, as

set forth more fully in the accompanying memorandum of law. In summary, good cause exists

because:

1.      Despite the protestations from the United States Attorney's Office for the District of Connecticut that Angelo Mercurio was not a percipient witness to the Grasso homicide, Mr. Milano, through counsel, has recently obtained the transcript from the re-sentencing of Vincent Ferrara before United States District Judge Wolf in the District of Massachusetts, in which proceedings the Government, while arguing for the continued incarceration of Mr. Ferrara, stated unequivocally that Angelo Mercurio, who was a Top Echelon Informant at the time, was "liable" for the Grasso homicide along with Mr. Ferrara;

2.      The Government's response to the two interrogatories that the Court permitted through its September 22, 2004 Ruling continues the Government's inconsistent and evasive position with regard to Mr. Mercurio's role as a percipient witness; and

3.      The proposed Requests for Admission are Mr. Milano's last step in pinning down the Government's position with regard to Mr. Mercurio and in joining this pre-trial discovery issue for resolution by the Court as part of Mr. Milano's §2255 petition.

WHEREFORE, Mr. Milano moves for permission to serve requests for admission in form attached hereto as Exhibit A.

PETITIONER
GAETANO J. MILANO

By_____

    Craig A. Raabe
    Federal Bar No. ct 04116
    **ROBINSON & COLE LLP**
    280 Trumbull Street
    Hartford, CT  06103
    Telephone:  (860) 275-8200

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, via first-class mail, postage

prepaid, on this 21st day of September, 2005, to the following counsel of record:

John M. Thompson, Esq.
Thompson & Thompson PC
1331 Main Street, Suite 320
Springfield, MA  01103

Vincent Bongiorni, Esq.
95 State Street
Springfield, MA 01103

James K. Filan, Jr., Esq.
United States Attorneys Office
915 Lafayette Boulevard
Bridgeport, CT  06604

Michael A. Fitzpatrick, Esq.
Park City Plaza
10 Middle Street, 11t Floor
Bridgeport, CT  06604


Craig A. Raabe

-4-