UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK A. PUGLIANO<br><br>v.<br><br>UNITED STATES OF AMERICA | Civ. No. 3:95CV1330(AHN) |
| LOUIS PUGLIANO<br><br>v.<br><br>UNITED STATES OF AMERICA | Civ. No. 3:95CV1171 (AHN) |
| GAETANO J. MILANO<br><br>v.<br><br>UNITED STATES OF AMERICA | Civ. No. 3:95CV1145 (AHN)<br><br>_____, 2005 |

### PETITIONER GAETANO MILANO'S REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, petitioner Gaetano Milano submits to the government the following requests for admission:

1. From at least January 1, 1989 through September 1, 1989, Angelo Mercurio was one of the government's confidential informants.

**RESPONSE:**

2. Angelo Mercurio was a participant in the Grasso homicide.

**RESPONSE:**


3. Angelo Mercurio was a key witness in the Grasso homicide.

**RESPONSE:**


4. Angelo Mercurio was a grand jury target in the Grasso homicide investigation.

**RESPONSE:**


5. As of February 20, 1991, the government knew that Angelo Mercurio had participated in the Grasso homicide.

**RESPONSE:**


6. As of February 20, 1991, the government knew that Angelo Mercurio was a key witness in the Grasso homicide.

**RESPONSE:**

7. As of February 20, 1991, the government knew that Angelo Mercurio had committed overt acts in furtherance of the Grasso homicide.

**RESPONSE:**

8. As of February 20, 1991, the government believed that Mr. Mercurio had co-conspirator liability for the Grasso homicide.

**RESPONSE:**

9. As of February 20, 1991, the government knew that Angelo Mercurio had significant knowledge about the Grasso homicide.

**RESPONSE:**

10. As of February 20, 1991, Angelo Mercurio had provided more than "very limited" information about the Grasso homicide as that term was used in the Government's Response to Defendant Frank Pugliano's "Motion For Disclosure of Confidential Informants" dated February 20, 1991 ("Government's Informant Response").

**RESPONSE:**

11.   As of February 20, 1991, Angelo Mercurio had provided more than "non-specific" information about the Grasso homicide as that term was used in the Government's Informant Response.

**RESPONSE:**


12.   As of February 20, 1991, Angelo Mercurio had provided information regarding the "essence" of the Grasso homicide as that term was used in the Government's Informant Response.

**RESPONSE:**


13.   As of February 20, 1991, the government knew that Angelo Mercurio observed "acts" in relation to the Grasso homicide as that term was used in the Government's Informant Response.

**RESPONSE:**


14.   Prior to filing with the Court the Government's Informant Response, no one from or on behalf of the United States Attorney's Office for the District of

Connecticut ("Connecticut Office") inquired of the Organized Crime Strike Force in Boston ("Boston Strike Force") as to whether any confidential informants were key witnesses to the Grasso homicide.

**RESPONSE:**

15.    Prior to filing with the Court the Government's Informant Response, no one from or on behalf of the Connecticut Office inquired of the Boston Strike Force as to whether any confidential informants were participants in the Grasso homicide.

**RESPONSE:**

16.    Prior to the government's filing of its Government's Informant Response, no one from the Boston Strike Force advised the Connecticut Office that Angelo Mercurio was a key witness to the Grasso homicide.

**RESPONSE:**

17.    Prior to the government's filing of its Government's Informant Response, no one from the Boston Strike Force advised the Connecticut Office that Angelo Mercurio was a participant in the Grasso homicide.

**RESPONSE:**

18. Prior to the Government's filing of its Government's Information Response, no one in the Connecticut Office knew that Angelo Mercurio was a confidential informant.

**RESPONSE:**

19. The government's representation in the Government's Informant Response that none of its confidential informants were participants in the Grasso homicide was incorrect at the time that it was made.

**RESPONSE:**

20. The government's representation in the Government's Informant Response that none of its confidential informants were key witnesses to the Grasso homicide was incorrect at the time that it was made.

**RESPONSE:**

21. Neither Robert Devlin nor anyone else in the United States Attorney's Office for the District of Connecticut knew the identity of CS-1 or CS-3 at the time that

-6-

the Government filed the February 20, 1991 response to defendant Frank Pugliano's Motion for Disclosure of Confidential Informants.

**RESPONSE:**


22.    Neither Robert Devlin nor anyone else in the United States Attorney's Office for the District of Connecticut consulted with Special Agent Walter T. Steffans, Jr. in connection with the Government's February 20, 1991 response to defendant Frank Pugliano's Motion for Disclosure of Confidential Informants.

**RESPONSE:**


23.    In connection with the February 20, 1991 response to the defendant Frank Pugliano's Motion for Disclosure of Confidential Informants, the only document that the United States Attorney's Office for the District of Connecticut reviewed was the affidavit of Special Agent Walter T. Steffans, Jr. bearing the caption "In The Matter Of The Application Of the United States For An Order Authorizing The Interception Of Oral Communications: M.B.D. No. 891015."

**RESPONSE:**

24. The only individuals who provided factual information to the United States Attorney's Office for the District of Connecticut in connection with the February 20, 1991 response to defendant Frank Pugliano's Motion for Disclosure of Confidential Informants was John Francis Castagna and Jack Johns.

**RESPONSE:**

25. At the time that it prepared its February 20, 1991 response to Frank Pugliano's Motion for Disclosure of Confidential Informants, the United States Attorney's Office for the District of Connecticut did not know that CS-1, references in that response, was Angelo "Sonny" Mercurio.

**RESPONSE:**

PETITIONER
GAETANO J. MILANO

By_____
   Craig A. Raabe
   Federal Bar No. ct 04116
   **ROBINSON & COLE LLP**
   280 Trumbull Street
   Hartford, CT 06103
   Telephone: (860) 275-8200

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, to the following counsel of record on this ____ day of _____, 2005:

James K. Filan, Jr., Esq.
United States Attorneys Office
915 Lafayette Boulevard
Bridgeport, CT 06604

Michael A. Fitzpatrick, Esq.
Park City Plaza
10 Middle Street, 11t Floor
Bridgeport, CT 06604

John M. Thompson, Esq.
Thompson & Thompson PC
1331 Main Street, Suite 320
Springfield, MA 01103

Vincent Bongiorni, Esq.
95 State Street
Springfield, MA 01103

_____
Craig A. Raabe