FILED

2006 JAN 11  P 1: 37



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GAETANO J. MILANO** | ) | **MASTER DOCKET NO.** |
| | ) | **2:90CR18(AHN)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **JANUARY 11, 2006** |
| | ) | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## RENEWED MOTION FOR LEAVE TO CONDUCT DISCOVERY
## RELATING TO THE GOVERNMENT'S
## <u>PRE-TRIAL CONFIDENTIAL INFORMANT NON-DISCLOSURE</u>

## I. INTRODUCTION

Gaetano Milano's quest through this Renewed Motion for Discovery is simple: to have

the Government admit or deny the substance and basis for its pretrial discovery response denying

that any of its informants were percipient witnesses to the homicide of William Grasso. The

rationale for the renewed motion is similarly simple: to create a concise record for this Court's

disposition of the percipient witness issue as part of Mr. Milano's § 2255 petition. Mr. Milano

respectfully suggests that the government's latest submission on this issue creates yet more

confusion and thus compels the granting of the renewed discovery motion.

## II.    DISCUSSION

### Mr. Milano Is Entitled To A Concise Statement As To What Steps Were Taken To Determine Whether Mr. Mercurio Was A Percipient Witness.

Based on the discovery that this Court has already permitted, Mr. Milano has determined that during the relevant timeframe, very few people within the Government's Organized Crime Strike Force knew that Angelo "Sonny" Mercurio was a Top Echelon Informant. Moreover, it appears that the few people with knowledge of Mr. Mercurio's role as a Top Echelon Informant all were in the Boston office of the Organized Crime Strike Force. Further, based on the discovery that Mr. Milano has conducted to date, it appears that no one in the United States Attorney's Office for the District of Connecticut ("Connecticut Office") knew of Mr. Mercurio's role as a Top Echelon Informant.

It also appears from the Government's September 27, 2004 response to Mr. Milano's interrogatories ("Interrogatory Responses," attached as Exhibit A to Mr. Milano's Initial Memorandum Supporting Renewed Discovery dated September 21, 2005) that the Connecticut Office did not interact with the Boston Office of the Organized Crime Strike Force in preparing the Government's pretrial denial of Mr. Mercurio's role as a percipient witness in the Grasso homicide.[1]

Because of the Connecticut Office's lack of knowledge regarding Mr. Mercurio,

---

[1] Mr. Milano's assertions in this Reply Memorandum are based to some extent on assumptions regarding the Government's Interrogatory Responses because, as he argued in his Initial Memorandum, the Interrogatory Responses are more notable for what they did not say than what they said, which is why he is seeking additional discovery.

and its apparent lack of interaction with the Boston Office, it would have been difficult, if not

impossible, for the Connecticut Office to know at the time of its pretrial disclosure whether Mr.

Mercurio was a percipient witness to the Grasso homicide under the doctrine discussed in

Roviaro v. United States, 353 U.S. 53 (1957).  A portion of the focused Requests for Admission

that Mr. Milano has proposed address the interaction, or lack of interaction, between the

Connecticut Office and the Boston Strike Force.  In this connection, the proposed Requests for

Admission will eliminate the ambiguity that remains from the Interrogatory Responses on the

issue of the Connecticut Office's efforts to determine whether there were percipient witnesses to

the Grasso homicide.  Accordingly, responses to the Requests for Admission will assist the Court

in the disposition of this percipient witness issue.

> **a.  Mr. Milano Is Entitled To A Concise Statement As To Whether The
> Government Stands By Its Pretrial Discovery Response.**

In his previous submissions both with respect to this Renewed Motion for

Discovery and his Initial Motion for Discovery, Mr. Milano has discussed much of the evidence

that he already has uncovered that reveals the inaccuracy of the Government's pretrial denial of

Mr. Mercurio's role in the Grasso homicide.  The proposed Requests for Admission are, again,

designed to crystallize for the Court's consideration the Government's position with regard to the

specific statements that the Government made in its pretrial disclosure in February of 1991.  If

the Government persists in the positions that it took in 1991, Mr. Milano can present to the Court

all of the contrary evidence and the Court can then determine whether the Government's

disclosure was accurate.  To the extent that the Government revises or retreats from its 1991

discovery position, Mr. Milano and the Government can then argue the legal import of the

change in position. The first essential step, however, is for the Government to state concisely its

position as to the specific statements in the pretrial disclosure, which statements are embodied in

Mr. Milano's Proposed Requests for Admission.

The need for a concise statement of the Government position is amplified through

the Government's latest opposition to Mr. Milano's discovery requests. In the Government's

response, and specifically in the Government's attempt to deal with the fact that Assistant United

States Attorney James D. Herbert stated unequivocally in proceedings in Boston last spring that

Mr. Mercurio "would have been liable" in the Grasso homicide, see Initial Memorandum at

pp. 8-10, the Government now contends that Mr. Herbert only meant "liability for sentencing

purposes." Government's Response dated December 16, 2005, p. 7 (quoting declaration of a

USA James D. Herbert at paragraph 4). Leaving aside the issue of "whether liability for

sentencing purposes" is a distinction that makes a difference in the context of a Roviaro claim,

Attorney Herbert went on to state in his declaration that members of the Boston Strike Force, of

which he was not a team member in 1991, "believed or assumed that Mercurio was involved in at

least the planning of the Salemme shooting ***and*** the Grasso murder." Declaration of James D.

Herbert at paragraph 6 (attached to Government's Response). Attorney Herbert went on to say

that if Mr. Mercurio had been willing to testify in Mr. Milano's trial, "he would have been

expected to have been able to provide evidence of value with respect to [the Grasso homicide and

the Salemme attempted homicide]." Id.

Once again, Mr. Milano suggests that Attorney Herbert's statements are inconsistent with the Government's pretrial disclosure that the Government's informants had "very limited," "non-specific" information that was not the "essence" of the Grasso homicide. Attorney Herbert's statements are also inconsistent with the Government's pretrial assertions that none of its informants were participants in the Grasso homicide and its assertion that its informants, including Mr. Mercurio, were not "key witnesses to and did not participate in" acts in relation to the Grasso homicide. Accordingly, Mr. Milano respectfully suggests and moves that the Government be required to admit or deny the truth and accuracy of its pretrial informant disclosure in accordance with the Federal Rules of Civil Procedure and the Rules Regarding Discovery in §2255 Proceedings. Based on those admissions or denials, Mr. Milano's percipient witness issue can be properly and efficiently presented to this Court for resolution.

## III.    CONCLUSION

For the foregoing reasons and for the reasons set forth in his initial memorandum, Mr. Milano's renewed motion to conduct discovery should be granted.

PETITIONER, GAETANO J. MILANO

By_____

 Craig A. Raabe
 Federal Bar No. ct 04116
 **ROBINSON & COLE LLP**
 280 Trumbull Street
 Hartford, CT 06103
 E-Mail: craabe@rc.com
 Telephone: (860) 275-8200
 -5-

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, via first-class mail, postage prepaid, on this 11th day of January, 2006, to the following counsel of record:

John M. Thompson, Esq.
Thompson & Thompson PC
1331 Main Street, Suite 320
Springfield, MA  01103

Vincent Bongiorni, Esq.
95 State Street
Springfield, MA 01103

Michael A. Fitzpatrick, Esq.
Park City Plaza
10 Middle Street, 11t Floor
Bridgeport, CT  06604

*VIA FEDERAL EXPRESS*
James K. Filan, Jr., Esq.
United States Attorneys Office
915 Lafayette Boulevard
Bridgeport, CT  06604


Craig A. Raabe