UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GAETANO J. MILANO            :

v.                                   :         CIVIL NO. 3:95CV1145(AHN)
                                              Master Docket 2:90CR18(AHN)
UNITED STATES OF AMERICA  :

June 12, 2008

### GOVERNMENT'S RESPONSE TO MILANO'S
### MOTION FOR A 12-HOUR FURLOUGH TO ATTEND HIS FATHER'S FUNERAL

By motion dated June 12, 2008, the petitioner, Gaetano J. Milano, has asked the Court for a 12-hour furlough to attend his father's funeral. Defendant's Motion For Furlough. According to the motion, the petitioner's family is having the funeral for his father on June 14, 2008 at noon. Id. ¶ 6. In his motion, the petitioner explains that he has been a model prisoner at the facilities where he has been imprisoned, including most recently the Wyatt Detention Facility in Rhode Island. Id. ¶¶ 2-3. He is requesting a 12-hour furlough to attend the funeral "on whatever conditions the Court deems appropriate." Id. ¶ 7. The petitioner asserts that the Court has the authority to grant the requested relief "based on the inherent authority of the Court to modify its sentence and in the interests of justice." Id. ¶ 8.

On June 11, 2008, petitioner's counsel had indicated to Government counsel that he was considering asking the Court for this relief. Upon receiving this motion at approximately 10:00 a.m. today, the Government spoke with the Counsel's Office for the Bureau of Prisons and forwarded the petitioner's motion. Also, the Government spoke with an attorney in the Counsel's Office for the United States Marshals Service about the furlough request.

The petitioner does not cite, and the Government is unaware of, any case law that permits the Court to release a sentenced prisoner on furlough.[1] For a prisoner in the Bureau of Prisons, the authority to grant furloughs to inmates whose offenses occurred on or after November 1, 1987, which is the case here, is with the Director of the Bureau of Prisons. 18 U.S.C. § 3622. A prisoner may seek a day furlough (16 hours or less) or an overnight furlough. The Government understands that the authority to approve furloughs in Bureau of Prisons institutions is delegated to the warden or acting warden of the institution. Inmates do not have an enforceable right in being granted a furlough. 28 C.F.R. § 570.30 ("The furlough program of the Bureau of Prisons is intended to help the inmate to attain correctional goals. A furlough is not a right, but a privilege granted an inmate under prescribed conditions. It is not a reward for good behavior, nor a means to shorten a criminal sentence."); *Bowser v. Vose*, 968 F.2d 105, 106, 108 (1st Cir. 1992). The BOP has established minimum conditions which the inmate must first satisfy in order to be eligible for a furlough. If those preliminary minimum conditions are met, however, the inmate is not automatically entitled to a furlough. *Bowser*, 968 F.2d at 108-09 ("[E]ligibility is not the same as entitlement.") Section 570.35(d) of 28 C.F.R. dealing with limitations of furlough eligibility provides:

> The Bureau of Prisons does not have the authority to furlough U.S. Marshals prisoners in contract jails. Staff are to defer requests for such furloughs to the U.S. Marshals.

---

[1] A Westlaw search identified the case of *United States v. Van Ahn*, 2006 WL 752904 (E.D. Wis. 2006), in which a defendant serving a sentence for wire fraud filed a motion for interruption and stay of his sentence so that he could attend the funeral of his father-in-law and comfort his family. In denying the motion, the Court noted that the inability to attend the funeral is "simply one of the many consequences of committing a crime." *Id*. The Court rightly noted that it had no way of monitoring the inmate's behavior if released and that while the inmate has been a model prisoner, "there is no way that this court can determine whether the taste of freedom will make a voluntary return to the institution too strong a temptation to resist." *Id*.

2

Here, the Government is unaware of the petitioner having made a request of the Bureau of Prisons or the United States Marshals Service ("USMS"). Given that the petitioner is currently at the Wyatt Detention Center on a writ due to his pending habeas petition, the Bureau of Prisons does not consider him to be in its custody and, therefore, he is in the custody of the USMS. If this be so, the USMS has established directives and policies for prisoner operations. The USMS has directives for its in-district movement of prisoners who are either within a district or up to 50 miles in a bordering district. Section 9(1)(C)(5)(f) of the USMS directives entitled "Deathbed Visits, Private Viewing and Other Special Situations," provides that "[p]risoner attendance at funerals is strictly prohibited." In speaking with the USMS, the Government understands that this prohibition stems from deputy United State Marshals being harmed in the past during escorted visits to funeral homes.

The petitioner's loss of his father is unfortunate and his desire to attend his father's funeral is most understandable. He, however, as an LCN member has been convicted and is serving a 33-year prison sentence for committing RICO conspiracy, RICO, conspiracy to murder, and murder offenses. The murder relates to his having, after two failed attempts, successfully lured the Patriarca LCN Family underboss into a van and placed a low caliber gun to the back of underboss's head. He then killed him with a single shot. The murder, according to the evidence, was done for the petitioner's advancement in the LCN Family's hierarchy.

In view of the petitioner's conviction for violent offenses, he should not be released without supervision. Moreover, according to the Bureau of Prisons, the petitioner is scheduled to be released in May 2019, which means he has approximately 11 years left to serve in prison. This is still a good amount of time irrespective of whether his habeas petition is pending.

3

Based on the foregoing, the Government respectfully submits that the Court's should deny the petitioner's motion.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


JOHN H. DURHAM
COUNSEL TO THE UNITED STATES ATTORNEY
Federal Bar No. ct05087


PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct03192
157 CHURCH STREET
NEW HAVEN, CT 06510
(203) 821-3742

### CERTIFICATE OF SERVICE

This is to certify that on June 12, 2008, a copy of the Government's Response was sent by facsimile transmission and mailed, postage prepaid, to:

Craig A. Raabe, Esq.
Ed Heath, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, Connecticut 06103-3597
Facsimile (860 275-8299
(Counsel for Gaetano Milano)

PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEY

4